No. 680

HUSSUTO et al v. YOUNGSTOWN (City)

Ohio Appeals, 7th District, Mahoning County
Decided March 23, 1923

This opinion has not been published except in Abstract.

156. EASEMENTS.

Facts showing that former decree is res adjudicata.

ROBERTS, J.

Epitomized Opinion

This is an action to remove a cloud from title. Mussuto et al were owners of about an acre of land upon Poplar street in Youngstown. Directly back of this piece of land was a slaughter house owned by the defendants. The public had for many years used and travelled upon a way along the westerly line of plaintiff's land back to the slaughter house. A fence was finally constructed enclosing a strip of plaintiff's land about 15 or 18 feet wide back to this slaughter house. The slaughter house was finally abandoned 40 or more years ago. Some time after this abandonment an action was brought by the owners of the premises to declare an easement over plaintiff's land to the premises in the rear. A decree was entered giving them the right of egress ingress. The plaintiffs in the instant case claimed that the defendants were not entitled to an easement and that the former decree of the court did not grant them a private easement, but that there was an easement of a public nature and that inasmuch as the tract of land had been abandoned by the public, including the City of Youngstown, that the right was extinguished. The defendants set up the plea of res adjudicata. The Common Pleas Court of Mahoning county held that the former decision barred a subsequent action. The Court of Appeals in sustaining the version of the lower court held:

1. That the former decree vested in the defendants a private easement and their right to use the lane was not simply because the defendant's right was a part of the public right. While the decree did not give the right of egress and ingress to the public generally, it also vested a private right in the defendant, which an abandonment by the public could not extinguish.

Attorneys—W. S. Metcalfe and B. K. DeCamp, for Mussuto et al; Leighninger and Nicholson & Warnock, for City of Youngstown.

---

No. 681

BOOTH v. STATE

HAUCK v. STATE

Ohio Appeals, Ninth District, Summit County
May 31, 1923. Nos. 730, 733

This opinion has not been published except in Abstract.

166. ERROR.

What constitutes reversible—Errors which in some cases might constitute reversible, not considered.

Funk, Pardee and Washburn, JJ.

PER CURIAM.

Epitomized Opinion

Plaintiffs in error were indicted and tried separately for rape upon a school girl 17 years of age. One admitted connection with the girl but alleged it was with her consent. The other denied that he had anything to do with the girl. Each was found guilty and prosecuted error to this court.

In the bills of exceptions the court finds some errors well taken and which might in some circumstances be prejudicial to the accused. But from examination of the record in each case the court is unanimously of the opinion that both plaintiffs in error are guilty and that substantial justice was done in the court below and that the jury would have found the accused guilty even if the error had not occurred. Judgment in each case affirmed.

Attorneys—Lloyd H Read, for plaintiffs in error; Arthur W. Doyle, Pros. Atty., for State.

---

No. 682

GRIFFITH and O'MARR v. GRAVES

Ohio Appeals, 9th District, Summit County
No. 663. Decided June 27, 1923

This opinion has not been published except in Abstract.

166. ERROR.

Error in refusal to allow amendment (20) is cured by admission of evidence (172) incident to proposed amendment.

PARDEE, J.

Epitomized Opinion

Griffiths and O'Marr owned houses and lots in Akron which they had sold upon land contracts. They traded these land contracts to Graves for two properties of his in Forest Glen allotment, consisting of two houses and lots. Griffiths and O'Marr asked a recision of the purchase because of fraud which they alleged was committed by Graves through misrepresentations made by him at the time of the purchase and relied upon by them. Trial court rendered judgment for Graves. The evidence disclosed that prior to this transaction O'Marr had sold some property for Graves, had been paid the regular real estate commission and Graves had told O'Marr about these houses and had offered him a real estate commission if he would sell the houses. Griffiths and O'Marr then asked leave of court to amend their pleading to include this as one of their grounds for decision. The Court of Appeals in affiming the judgment held:

1. So far as Griffiths is concerned. the trial court erred in refusing to allow the amendment, but inasmuch as all of the evidence incident thereto was admitted, there is no prejudicial error.

2. We are convinced that at the time this property was listed with O'Marr, neither O'Marr nor Graves intended that this was to be used as an inducement to entrap Griffiths.

3. As the evidence is conflicting on the general charge of fraud we, a reviewing court, are not prepared to say that the judgment is manifestly against the weight of evidence.

Attorneys—Read and East, for Griffiths et al; C. M. Myers, for Graves.